UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security[1]<br><br>    Defendant. | 1:12-cv-811 GSA<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Verna Moore seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits under Title II of the Social Security Act.  The matter is pending before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[2]

///

///

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

[2] The parties consented to the jurisdiction of a United States Magistrate Judge.  *See* Docs. 6 & 7.

1

# THE ADMINISTRATIVE PROCEEDINGS

### 1. Procedural History

On April 1, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning February 22, 2008.  AR 10; 114.[3]  Plaintiff's application was denied initially and on reconsideration; Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  AR 10; 59-62; 66-70.  ALJ Timothy S. Snelling held a hearing, and issued a decision on February 25, 2010, finding Plaintiff was not disabled and denying benefits.  AR 7-21.  On March 30, 2012, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  AR 1-6.

### 2. The Disability Determination Standard and Process

A claimant is "disabled" for purposes of entitlement to disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A); 42 U.S.C. § 423(d)(1)(A); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The Commissioner utilizes a "five-step sequential evaluation process" to assess whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)-(f); *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic

---

[3] References to the Administrative Record are designated as "AR," followed by the appropriate page number.

work activities; if not, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or medically equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 404.1520(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work; if so, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(iv). The claimant has the burden of proving that she is unable to perform past relevant work (*i.e.*, in steps one through four of the analysis). *Drouin*, 966 F.2d at 1257; *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). If the claimant meets that burden, a *prima facie* case of disability is established. *Id*. In that event, or if the claimant has no past relevant work, the Commissioner then, in the fifth and final step of the sequential analysis, bears the burden of establishing that the claimant is not disabled because she can perform other substantial, gainful work available in the national economy. § 404.120(a)(4)(v); *Lester*, 81 F.3d at 828 n. 5; *Drouin*, 966 F.2d at 1257.

### 3.     The ALJ's Findings and Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 10-17. More particularly, the ALJ found that Plaintiff had not engaged in "disqualifying substantial gainful activity" since February 22, 2008, the alleged disability onset date.[4] AR 12. Further, the ALJ found that Plaintiff had a medically severe combination of the following impairments: degenerative disc

---

[4] Plaintiff testified that she stopped working on February 22, 2008, but that she continued to receive vacation pay through March 2008, until she retired on April 1, 2008. AR 12; AR 33-34.

disease (post laminotomy); coronary artery disease (post myocardial infarctions); hypertension; headaches; right trigger thumb; and tendonitis.[5]  AR 12.  Nonetheless, the ALJ determined that Plaintiff's impairments, or combination of impairments, did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 13.  The ALJ concluded that Plaintiff "has not been under 'disability,' as defined in the Social Security Act, from February 22, 2008 through the date of this decision."  AR 16.

Based on a review of the entire record, the ALJ determined that Plaintiff has the RFC "to perform light work as defined in 20 C.F.R. 404.1567(b) except that she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds, but can frequently perform other postural activities."  AR 13.  The ALJ next determined, at step four, that Plaintiff is capable of performing her past relevant work as a general clerk as that occupation is generally performed, as this work is classified as "light" work in the Dictionary of Occupational Titles ("D.O.T.") and "does not require the performance of work-related activities precluded by the claimant's residual functional capacity."  AR 16.  Doc. 12

Plaintiff now challenges the ALJ's step four determination.  Plaintiff argues that the ALJ should have consulted a VE to resolve conflicts between the requirements of Plaintiff's past job, *as actually performed*, and the requirements of Plaintiff's past job, *as generally performed.*  Doc. 12, p. 6.  Plaintiff further argues that the ALJ should have classified Plaintiff's past relevant work as "medium" work based on her description of her specific, past job, rather than relying on the Dictionary of Occupational Titles' "(D.O.T.") classification of the same job, as generally performed, as "light" work.  Doc. 12, pp. 5.

///

///

---

[5] The ALJ also found that Plaintiff's alleged restless leg syndrome and carpal tunnel syndrome were not medically-determinable impairments.  AR 12.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

# RELEVANT FACTS

Prior to applying for disability, Plaintiff had worked for thirty-three years for a school district, until she retired on April 1, 2008. AR 120; AR 43; AR 33-34. Plaintiff characterized her job as a "Clerk Typist II."[6] AR 120. The state agency, with reference to the D.O.T. classified Plaintiff's past job as "Clerk, General," D.O.T. Occupational Definition No. 209.562-010 (alternate D.O.T. title: office clerk). AR 13.

In her benefits application, Plaintiff described the functions of her prior job as follows: "A lot of computer work. Sending out special ed requests and files. Started a scanning project, had to get boxes of files ready for shipment. Protocols with psychologist. Run the database." AR 120. More specifically, Plaintiff wrote that she worked an 8-hour day, and, on a daily basis, her job required her to sit for 7.5 hours. AR 120. In addition, Plaintiff would walk for 0.5 hours; stand for 0.5 hours; climb for 0.25 hours; and stoop, kneel and crouch for 1 hour each. AR 120.

---

[6] In her application for disability insurance benefits, specifically on Social Security Administration Form SSA-3368, Plaintiff characterized her job as "Clerk Typist II," and stated that she worked in that position from August,1975 to February, 2008. AR 120.

Plaintiff specified that she spent 8 hours per day writing, typing or handling small objects; and 0.5 hours handling, grabbing, or grasping big objects. She would lift and carry mail and student files; she would frequently lift 25 pounds; the heaviest weight she lifted was 55 pounds. AR 120.

At the hearing held in her matter by the ALJ, Plaintiff testified along the same lines as stated in her disability application: that in her past job, she worked as a clerk-typist for a school district, where she spent most of the time sitting doing computer work and much shorter periods of time standing at the fax and Xerox machines. AR 34-35. Plaintiff testified that her job description stated that she was required to lift 50 pounds. AR 36. In response to the ALJ's question whether she actually lifted 50 pounds, Plaintiff stated: "At times I would say I probably did." AR 36.

## DISCUSSION

### 1. The ALJ was not Required to Consult a Vocational Expert at Step Four

Plaintiff argues that the ALJ should have consulted a vocational expert to (1) "properly identify Plaintiff's job classification;" and (2) "explain any conflicts" between the requirements of her past job and those of the D.O.T. occupational category of "Clerk, General" (the applicable D.O.T. occupational category identified by the state agency and adopted by the ALJ). Doc. 12, p. 6. Specifically, Plaintiff contends that the requirements of her past job are inconsistent with "the job found by the State Agency" because her prior job description required her to lift 50 pounds, which she occasionally did lift, while the "Clerk, General" occupational category limits lifting to 20 pounds, as this occupation is defined as "light" work in the D.O.T. *See* Occupational Definition No. 209.562-010 and Appendix C, Dictionary of Occupational Titles (4th Ed., Rev. 1991), 1991 WL 688702; 20 C.F.R. § 404.1567(b).

First, as to Plaintiff's argument that the ALJ should have consulted a V.E. to determine the D.O.T. occupational category applicable here, Plaintiff posits no compelling reason why the

6

1  ALJ's reliance on the D.O.T. occupational definition of "Clerk, General" was improper. Indeed,
2  the D.O.T.'s occupational definition of "Clerk, General" incorporates all the regular tasks
3  performed by Plaintiff in her past position.[7] The only discrepancy Plaintiff identifies between her
4  particular, past job and the D.O.T.'s "Clerk, General" job category, is that the former at times
5  required lifting and carrying heavier loads. Doc. 12, p. 5. However, as she made clear on her
6  disability application, handling heavy objects was only a minor part of Plaintiff's daily work. AR
7  120. Further, as reflected in Social Security Rulings, "[i]t is understood that some individual jobs
8  may require somewhat *more or less exertion* than the DOT description" of the same jobs as they
9  are generally performed. Social Security Ruling ("SSR") 82-61, 1982 WL 31387 (emphasis
10 added). Therefore, the ALJ properly relied on the D.O.T. in determining the requirements of the
11 occupation in general, as a basis for his subsequent finding that Plaintiff had the RFC to perform
12 her past relevant job as generally performed.

   Plaintiff's related argument, that the ALJ should have consulted a V.E. to resolve
13 inconsistencies between her particular, past job and the D.O.T.'s description of her past, relevant
14 job (i.e., "Clerk, General) as generally performed, is also unpersuasive. At step four, Plaintiff
15 bears the burden of proving that she could not perform her past, relevant work "either as actually
16 performed *or* as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d

---

[7] The D.O.T. describes the duties of a "Clerk, General" as follows:

> Performs any combination of following and similar clerical duties requiring limited knowledge of systems or procedures: Writes, types, or enters information into computer, using keyboard, to prepare correspondence, bills, statements, receipts, checks, or other documents, copying information from one record to another. Proofreads records or forms. Counts, weighs, or measures material. Sorts and files records. Receives money from customers and deposits money in bank. Addresses envelopes or packages by hand or with typewriter or addressograph machine. Stuffs envelopes by hand or with envelope stuffing machine. Answers telephone, conveys messages, and runs errands. Stamps, sorts, and distributes mail. Stamps or numbers forms by hand or machine. Photocopies documents, using photocopier.

D.O.T. No. 209.562-010, Dictionary of Occupational Titles (4th Ed., Rev. 1991).

1081, 1083 (9th Cir. 2002) (emphasis added); S.S.R. 82-61, 1982 WL 31387; 1982 WL 3138720; C.F.R. § 404.1520(e).  For purposes of determining the requirements of Plaintiff's specific, past job, the ALJ properly relied on Plaintiff's detailed descriptions thereof in her disability application and hearing testimony.  AR 33-36; 120.  Regarding how Plaintiff's past job is generally performed, the ALJ properly relied on the D.O.T. as an authoritative source.  *See* S.S.R. 82-61, 1982 WL 31387 (the D.O.T. descriptions can be relied upon to define a job as it is *usually* performed in the national economy); S.S.R. 00-4p, 2000 WL 1898704 ("The regulations at 20 C.F.R. 404.1566(d) and 416.966(d) provide that we will take administrative notice of "reliable job information" available from various publications, including the DOT."); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (the D.O.T. is "the best source for how a job is generally performed"); *Mathews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (to determine how a claimant's past work is ordinarily performed in the national economy, an ALJ may look to the D.O.T. and/or vocational expert testimony); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Smith v. Astrue,* 2010 WL 3075663, *7 (C.D. Cal. 2010); *Perdomo v. Astrue*, 2009 WL 2514181 (C.D. Cal. August 14, 2009).

Plaintiff makes the limited argument that a VE was required for resolving inconsistencies between the requirements of her past job, as actually performed, and the description of the job, as generally performed, in the D.O.T.  However, the ALJ's step four determination is based solely on Plaintiff's past work as generally performed, as described in the D.O.T. (since the ALJ credited Plaintiff's testimony that she could not perform her past job as she actually performed it).  Plaintiff's argument that the ALJ erred by not consulting a V.E. to clarify the requirements of her past job as actually performed is, therefore, unpersuasive.

///

///

**2. The ALJ Properly Considered the Exertional Level of Plaintiff's Past, Relevant Work, as Generally Performed in the National Economy, in Making his Step Four Determination**

Plaintiff next challenges the ALJ's step four analysis on two additional grounds. First, she argues that the ALJ incorrectly characterized her "past relevant work" as "light" work when she actually performed it as "medium" work. Doc. 12, p. 5. Second, Plaintiff argues that the ALJ classified her past work as "light" work by improperly relying on "its least demanding aspects." Doc. 12, pp. 5-6.

The Commissioner responds that, at step four, the ALJ considers Plaintiff's past relevant work "either as actually performed or as generally performed." Doc. 13, pp. 3-4. The Commissioner argues that, here, "the ALJ properly relied on the DOT as the best source for how … Plaintiff's work was generally performed," and "correctly classified her past relevant work as generally performed as light." Doc. 13, pp. 4-5. Finally, the Commissioner contends that Plaintiff's claim that the ALJ misclassified her past job based on its least demanding aspects is meritless in light of Plaintiff's own description of her past job. Doc. 13, p. 4.

Plaintiff's first argument, that the ALJ should have classified Plaintiff's specific, past job as medium work, is limited in scope.[8] Plaintiff does not challenge the ALJ's RFC determination. Rather, she argues as follows: "[t]he ALJ said that [Plaintiff] occasionally was required to lift up to 50 pounds or more. However, he felt that this requirement was unimportant and could be disregarded. He found "therefore, in comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally, but not as actually, performed." Doc. 12, p. 5.

Plaintiff's argument that the ALJ misclassified the exertional level of her past relevant

---

[8] For example, Plaintiff has not raised any issue based on Social Security Ruling 82-62. Since Plaintiff has not referenced the requirements of S.S.R. 82-62, and the issue has not been briefed by either party, any potential issue based on S.S.R. 82-62 has been waived.

work, because he ignored her testimony that she occasionally lifted 50 pounds or more, is both contradictory and unavailing.  At step four, Plaintiff has the burden of proving that she could not perform her past job as actually performed *or* as generally performed.  *See* S.S.R. 82-61; *see also Villa v. Heckler,* 797 F.2d 794, 798 (9th Cir. 1986) (at step four of the sequential evaluation process, claimant has burden of proving an inability to return to his former "type of work" and not just to his former job).[9]  Here, the ALJ found that Plaintiff had "the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except that she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds, but can frequently perform other postural activities."[10]  AR 13.  At step four, the ALJ found, based on the D.O.T., that Plaintiff's

---

[9] S.S.R. 82-61 specifies that, in determining whether a claimant can perform her past relevant work, an ALJ may properly consider whether she was capable of performing her past job as it is usually performed in the national economy.  *See* S.S.R. 82-61, 1982 WL 31387 (adjudicator may consider whether a claimant "retains the capacity to perform the functional demands and job duties of the [past relevant] job as ordinarily required by employers throughout the national economy").  S.S.R. 82-61 further specifies that "[t]he *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy." *Id.* (emphases in original).  S.S.R. 82-61 also explains that "[i]t is understood that some individual jobs may require somewhat more or less exertion than the DOT description."  *Id.*  In sum, "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled'"  *Id.*

[10] To determine the physical exertion requirements of work in the national economy, the Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy.  These terms have the same meaning in both the Social Security regulations and the Dictionary of Occupational Titles, published by the Department of Labor.  *See* 20 C.F.R. § 404.1567.  20 C.F.R. § 404.1567(b) defines "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The D.O.T. defines light work in similar terms:

> L-Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even

10

past work was generally performed at the "light" exertional level.[11] AR 16; *see* Dictionary of Occupational Titles (4th Ed., Rev. 1991), Occupational Definition No. 209.562-010. As a result, he determined that Plaintiff was still "capable of performing her past relevant work as a General Clerk as generally performed." AR 16. The ALJ explained his reasoning as follows:

> The State Agency determined that the claimant's past relevant work is known as a Clerk, General (D.O.T. 209.562-010), which is semi-skilled work that is performed at the light exertional level. The claimant testified that she occasionally was required to lift up to 50 pounds or more. Therefore, in comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally, but not as actually, performed.

AR 16. The ALJ's analysis reveals that his step four determination was not contingent on the specific exertional classification of Plaintiff's job as actually performed. AR 16. Plaintiff's argument that he misclassified her past, relevant work as actually performed is, therefore,

---

> though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

Dictionary of Occupational Titles (4th Ed., Rev. 1991), Appendix C.

[11] The D.O.T. describes the duties of a "Clerk, General" as follows:

> Performs any combination of following and similar clerical duties requiring limited knowledge of systems or procedures: Writes, types, or enters information into computer, using keyboard, to prepare correspondence, bills, statements, receipts, checks, or other documents, copying information from one record to another. Proofreads records or forms. Counts, weighs, or measures material. Sorts and files records. Receives money from customers and deposits money in bank. Addresses envelopes or packages by hand or with typewriter or addressograph machine. Stuffs envelopes by hand or with envelope stuffing machine. Answers telephone, conveys messages, and runs errands. Stamps, sorts, and distributes mail. Stamps or numbers forms by hand or machine. Photocopies documents, using photocopier.

D.O.T. No. 209.562-010, Dictionary of Occupational Titles (4th Ed., Rev. 1991).

11

unavailing.

Plaintiff further argues that the ALJ classified her past work as "light" work by improperly relying on its least demanding aspects. Doc. 12, pp. 5-6. This argument too, is unavailing. Rather than improperly relying on the least demanding aspects of Plaintiff's actual job, in making his step four determination, the ALJ considered all elements of Plaintiff's past job, both as reflected in the D.O.T. and in Plaintiff's own statements. Plaintiff stated on her disability benefits application that her past job of "Clerk Typist" required sitting for 7.5 hours and standing and walking for 0.5 hours each in an 8-hour work day. AR 120. Plaintiff further stated that she spent 8 hours per day writing, typing or handling small objects; and 0.5 hours handling, grabbing, or grasping big objects. AR 120. While Plaintiff may not have estimated the component parts of her workday with mathematical precision, it is clear from Plaintiff's description that the bulk of her workday was spent working on a computer, writing, typing and handling small objects. AR 120; AR 34-36. Plaintiff also testified that she, at times, lifted files and documents weighing up to 50-55 pounds, although there is no evidence in the record that lifting 50-55 pounds was a significant or regular part of her job. AR 36; AR 120. The ALJ credited her testimony that her particular past job was more strenuous than the occupation generally, and found that she could perform her past relevant work only as *generally* performed (i.e., at the "light" exertional level). Therefore, Plaintiff's argument that the ALJ did not consider her job requirements in their entirety is unpersuasive.[12]

///

---

[12] Plaintiff's reliance on *Valencia v. Heckler*, 751 F.2d 1082, 1086-1087 (9th Cir. 1985) is misplaced. In *Valencia*, the Appeals Council had improperly classified the claimant's past work based solely on the task of tomato sorting, when tomato sorting was only one of many tasks performed by the claimant in her work as an agricultural laborer at various farms. The *Valencia* Court rejected this approach, whereby a job was essentially reclassified at step four based on one particular task (i.e., "the least demanding function") performed in that job. *Id.* at 1086. That is not the case here, as the ALJ clearly considered the full range of tasks performed by Plaintiff in her past job, in making his determination that she could still engage in her previous occupation and carry out the functions of a general office clerk as required by most employers.

**Conclusion**

Based on the foregoing, the Court finds that the ALJ's decision is based on proper legal standards and is supported by substantial evidence in the record as a whole.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Verna Moore.

IT IS SO ORDERED.

Dated:   **September 18, 2013**                              **/s/ Gary S. Austin**
                                                                                       UNITED STATES MAGISTRATE JUDGE